.THE WASHINGTON LIFE INSURANCE COMPANY, Plaintiff, *v.* MARY
S. CLARK and Others, Defendants, Impleaded with EDWIN T
EGGLESTON and Others, Appellants.

JOHN R. DAVIES, Respondent.

*Surplus money on mortgage foreclosure deposited with the county treasurer — an
order to transfer it to the Surrogate's Court must be made on notice to all parties.*

Where surplus moneys, arising in an action to foreclose a mortgage brought after
the death of the mortgagor, are deposited with the county treasurer, an order
transferring the surplus moneys from the custody and jurisdiction of the
Supreme Court to the custody and jurisdiction of the Surrogate's Court of New
York county, should not be made without notice to the parties to the fore-
closure suit on the motion of a creditor of the deceased mortgagor who was
not a party to the foreclosure action.

APPEAL by the defendants, Edwin T. Eggleston and Charles W.
Leavitt, Jr., from an order of the Supreme Court, made at the
Westchester Special Term, bearing date the 19th day of April,
1902, and entered in the office of the clerk of the county of West-
chester, requiring the treasurer of said county to pay over certain
surplus moneys to the city chamberlain of the city of New York
subject to the jurisdiction of the Surrogate's Court of New York
county.

Also, an appeal by the defendants, Edwin T. Eggleston, Charles
W. Leavitt, Jr., and others, from an order bearing date the 21st
day of June, 1902, and entered in said clerk's office on the 27th day
of June, 1902, denying a motion made by the defendants Eggleston
and Leavitt to vacate the said order of April 19, 1902.

*James M. Hunt*, for the appellant Eggleston.

*Louis V. Booraem*, for the appellant Leavitt.

*Abraham Benedict*, for the appellant Sexton.

*Samuel F. Jacobs*, for the appellant Hemerich.

*Theodore H. Silkman*, for the respondent.

HIRSCHBERG, J. :

This action is brought for the foreclosure of a mortgage and the
sale of the mortgaged property — real estate situated in Westchester

county. The mortgage was executed by William H. Clark, who thereafter and before the commencement of this action died intestate. Letters of administration were issued upon Clark's estate by the surrogate of New York county to the defendant Mary S. Clark, his widow, and the appellant John B. Sexton. There appear to be fourteen defendants in the action, but nothing in the papers presented serves to indicate who, if any, have appeared and answered. Judgment of foreclosure and sale was duly granted and entered on or about October 28, 1901, pursuant to which the mortgaged property was sold and the sum of $123,148.32 surplus money deposited with the county treasurer of Westchester county. On the subsequent application of the administrators, or of one of them, and upon notice, an order of the Supreme Court was duly granted appointing a referee in the action in proceedings for the distribution of the surplus money. Two of the defendants, viz., the appellants Eggleston and Leavitt, had filed notices of mechanic's lien affecting the property in question before the commencement of this action, and a suit for the foreclosure of Eggleston's lien, commenced before this action, was pending in the Supreme Court at the time of the entry of the judgment herein and that suit is still pending and undetermined. A second mortgage upon the premises in question appears to have been executed by Mr. Clark to one of the defendants, and at the time of the granting of the first order, which is the subject of this appeal, an action in the Supreme Court was pending and is still pending for the foreclosure of that mortgage, which action is brought in the name of the appellant Hemerich, who is not a defendant in this action, but who claims to own the mortgage by virtue of an assignment from the mortgagee defendant. The liens and second mortgage amount together to considerably more than one-half of the surplus money.

On the 17th of April, 1902, the respondent, John R. Davies, who is not a party to the action, made affidavit to the effect that he was a creditor of the deceased and that there was not sufficient personal property of the estate with which to pay the creditors' claims, upon which affidavit he procured an order at Special Term requiring the county treasurer of Westchester county to show cause why an order should not be made directing him to pay over the surplus fund into .

the Surrogate's Court of New York county to be deposited with the city chamberlain of the city of New York in accordance with section 2798 of the Code of Civil Procedure, and on the return of that order, the county treasurer appearing but not opposing, the first order appealed from was granted, dated April 19, 1902, directing the payment and transfer of the surplus money in accordance with the terms of the order to show cause.

The attorney for the defendant Eggleston, chancing thereafter to learn of these *ex parte* proceedings, an application was made to the court in his client's behalf, and an order obtained requiring Davies, the alleged creditor, to show cause why the order which he had secured should not be vacated and set aside, and on the return of this order to show cause the second order appealed from was granted, dated June 21, 1902, denying the motion to vacate and renewing the direction that the entire surplus fund of $123,148.32 should be transferred from the custody and jurisdiction of the Supreme Court to the custody of the city chamberlain and to the jurisdiction of the Surrogate's Court of New York county.

The statement of facts should be sufficient to condemn the proceedings under review. The judgment of the Supreme Court in this action has not been modified in any degree, and the provision by which the fund was required to be deposited with the county treasurer remains in full force and effect. No party to the action has been cited or heard in his own behalf on the hearing or determination of either motion, excepting in so far as that statement may be modified by the fact that the second motion was instituted by the defendant Eggleston. Aside from the question of the mechanics' liens and the statutory liens of the creditors, if there are any, the effect of the orders is to transfer a fund which represents the real estate covered by the second mortgage now in process of foreclosure in the Supreme Court to another jurisdiction from which it can never be recovered by any known lawful process and to do this without the knowledge of any one who is a party to that action. Whether or not the judgment correctly provided for the deposit of the surplus with the county treasurer is of no consequence on this appeal. The consideration of that question requires the presence and the hearing of every party who is entitled to a day in court and who may be affected by the determination. If the judgment is

erroneous the law affords ample provision for its lawful correction, and no jurisdiction exists in the court for that purpose which can be successfully invoked by a stranger *ex parte.*

The order of June 21, 1902, should be reversed, with ten dollars costs and disbursements, and the motion to vacate and set aside the order of April 19, 1902, granted, with costs.

GOODRICH, P. J., BARTLETT and WOODWARD, JJ., concurred.

Order of June 21, 1902, reversed, with ten dollars costs and disbursements, and motion to vacate order of April 19, 1902, granted, with costs.